IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LAWRENCE TYRONE BAZEMORE,**

    **Plaintiff,**

**v.**                                                                         **Civil Action No. 3:21cv595**

**ST. BRIDES CORRECTIONAL CENTER,** *et al.***,**

    **Defendants.**

## MEMORANDUM OPINION

By Memorandum Order entered on September 30, 2021, the Court conditionally docketed Plaintiff Lawrence Tyrone Bazemore's civil action. (ECF No. 2.) At that time, the Court directed Bazemore to submit a statement under oath or penalty of perjury that:

    (A)    Identifies the nature of the action;
    (B)    States his belief that he is entitled to relief;
    (C)    Avers that he is unable to prepay fees or give security therefor; and,
    (D)    Includes a statement of the assets he possesses.

*See* 28 U.S.C. § 1915(a)(1).[1] The Court provided Bazemore with an *in forma pauperis* affidavit form for this purpose.

Additionally, the Court directed Bazemore to affirm his intention to pay the full filing fee by signing and returning a consent to the collection of fees form. (ECF No. 2, at 1.) The Court warned Bazemore that a failure to comply with either of the above directives within thirty (30) days of the date of entry thereof would result in summary dismissal of the action. (*Id.*)

---

[1] This statute requires that an *in forma pauperis* affidavit "include[] a statement of all assets [the] prisoner possesses that the person is unable to pay such fees or give security therefor," and "state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Bazemore has not complied with the orders of this Court. Bazmore failed to return a completed *in forma pauperis* affidavit form and a consent to collection of fees form. As a result, he does not qualify for *in forma pauperis* status. Furthermore, he has not paid the statutory filing fee for the instant action. *See* 28 U.S.C. § 1914(a).[2] Such conduct demonstrates a willful failure to prosecute. *See* Fed. R. Civ. P. 41(b).[3] Accordingly, this action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 2-7-2022
Richmond, Virginia

/s/ 
M. Hannah Lauck
United States District Judge

---

[2] This statute provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5." 28 U.S.C. § 1914(a).

[3] This Rule allows for dismissal of an action or claim "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed R. Civ. P. 41(b).

2